IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alphonso Tucker, ) | C/A No. 0:15-2798-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security action is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). Plaintiff Alphonso Tucker, who is self-represented, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") dismissing his claims for Disability Insurance Benefits ("DIB"), as well as his claims for retroactive Supplemental Security Income ("SSI").

The Commissioner filed a motion to dismiss on March 18, 2016, arguing that the court lacks jurisdiction to consider this appeal. (ECF No. 38.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the importance of a motion to dismiss and of the need for his to file an adequate response. (ECF No. 44.) Tucker filed a response. (ECF No. 55.) Having reviewed the parties' submissions and the applicable law, the court finds that the Commissioner's motion should be granted.

*PJG*

## BACKGROUND

In this case, Tucker filed an application for DIB and SSI on January 6, 2014, alleging disability beginning January 1, 2007. It appears that Tucker was found to be eligible for SSI beginning January 6, 2014. (ECF No. 35-2.) However, an Administrative Law Judge ("ALJ") issued a decision dated July 7, 2015, observing that Tucker requested fifty-three years of back benefits of SSI plus interest, as well as seeking DIB benefits. (ECF No. 38-2 at 7-8.) With regard to Tucker's request for back benefits of SSI, the ALJ found that "there is no retroactivity of payment" and "SSI payments are prorated for the first month for which eligibility is established after application after a period of ineligibility." (ECF No. 38-2 at 7.) The ALJ concluded that "[t]herefore, although [Tucker's SSI] application is not technically before the undersigned, [Tucker's] claim for retroactive [SSI] benefits is administratively dismissed." (Id.)

With regard to Tucker's claim for DIB, the ALJ observed that Tucker's previous claim for DIB was denied by an ALJ on August 22, 2012, and that decision was upheld by the Appeals Council. The ALJ continued, finding that Tucker

> incorrectly asserts that he was statutorily blind in the early 1960s because the law at that time was that blindness in one eye constituted statutory blindness. He maintains that because he was statutorily blind, his date last insured was September 30, 2022, rather than March 31, 2002, since statutory blindness extends the date last insured. The Social Security Act defines statutory blindness as central visual acuity of 20/200 or less in the better eye with the use of a correcting lens, and this definition was in effect at the time of the claimant's [DIB] application date and alleged onset date. 216(i)(l) and 1614(a)(2). The record reflects the claimant had a valid uncorrected visual acuity in the better eye of 20/30 in March 2014. (Exhibit B2F). Therefore, because the claimant's corrected visual acuity in the better eye is not 20/200 or less, the claimant does not meet the legal definition of statutory blindness and his date last insured is March 31, 2002.
>
> Because the claimant's date last insured for his current claim is March 31, 2002, the period from the claimant's alleged onset date, January 1, 2007, through his date last



> insured, March 31, 2002, was previously adjudicated and the August 22, 2012 decision was the prior final decision of the Social Security Administration. The claimant's current [DIB] application involves the same facts and issues as the prior claim, and the minimal evidence in the current record is not new or material. Accordingly, the undersigned finds res judicata applies to the claimant's current [DIB] claim (20 CFR 404.957(c)). Additionally, as to the separate issue of reopening, it is noted that new and material evidence has not been submitted as to the prior period adjudicated and the evidence that was considered in making the decision does not clearly show on its face an error was made (20 CFR 404.988 *et seq.* and 416.1488 *et seq.*).

(ECF No. 38-2 at 7-8.) Therefore, the ALJ also dismissed Tucker's DIB claim. Thereafter, Tucker filed a request for Appeals Council review, which was denied by notice dated July 28, 2015.[1] (ECF No. 38-2 at 13-14.)

## DISCUSSION

The Commissioner argues that Tucker's Complaint should be dismissed because there has been no "final decision after a hearing," and therefore, the court is without subject matter jurisdiction over this case.

Section 405(g) of Title 42 provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) further discusses the finality of the Commissioner's decision as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any*

---

[1] When the Appeals Council denied Tucker's request for review, the ALJ's decision became the "final" decision of the Commissioner. See 20 C.F.R. § 404.981.



*person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The United States Court of Appeals for the Fourth Circuit has explicitly addressed and summarized the law applicable to subject matter jurisdiction and *res judicata* in cases involving claims for Social Security benefits. In McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981), the Fourth Circuit summarized the applicable principles as follows:

> 1. The combined effect of 42 U.S.C. § 405(g) and (h) is to establish a power in the Secretary to deny any social security claim on the basis that it has earlier been denied on the merits by a final administrative decision, *i.e.*, to apply administrative *res judicata* in bar. Easley v. Finch, 431 F.2d 1351, 1353 (4th Cir. 1970).
>
> 2. An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought. Shrader v. Harris, 631 F.2d 297, 300-01 (4th Cir. 1980); Leviner v. Richardson, 443 F.2d 1338, 1342 (4th Cir. 1971); see also 20 C.F.R. § 404.957(c)(1) (1981) (superseding 20 C.F.R. § 404.937(a) (1980)).
>
> 3. When, following any final administrative decision denying a claim on the merits a claimant files a subsequent claim, the Secretary may properly apply administrative res judicata in bar only if it is the "same" claim earlier denied. 20 C.F.R. § 404.957(c)(1) (1981) (superseding 20 C.F.R. § 404.937(a) (1980)). Whether it is the same claim must necessarily be determined according to general principles of *res judicata* respecting the scope of a claim for purposes of merger and bar as adapted to the social security claim context. See Restatement (Second) of Judgments § 61 (1980). Even though it is the same claim, the Secretary may nevertheless, within time limits and for "good cause" shown, reopen the claim and consider it on the merits, with or without new evidence. 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. § 404.958 (1980)).
>
> 4. Assuming that the same claim is involved, and unless a constitutional objection to applying *res judicata* is raised in the district court, see, e.g., Shrader v. Harris, 631 F.2d at 300, the district court is without jurisdiction under 42 U.S.C. § 405(g) to



engage in judicial review either of a decision by the Secretary not to reopen the claim, Califano v. Sanders, 430 U.S. 99 (1977); Matos v. Secretary of Health, Education and Welfare, 581 F.2d 282, 286-87 (1st Cir. 1978), or to apply administrative *res judicata* as a bar to it, Teague v. Califano, 560 F.2d 615, 618 (4th Cir. 1977).

5.  On the other hand, if administrative *res judicata* has been applied in bar of a subsequent claim which, properly assessed, is not the same for *res judicata* purposes, jurisdiction to engage in judicial review exists. In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively. In consequence the Secretary's decision denying the claim was one as to which the claimant was entitled to a hearing and hence, to judicial review of the denial. Cf. Califano v. Sanders, 430 U.S. at 107-08 (refusal to reopen not reviewable because no entitlement to hearing).

6.  By the same token, even though the subsequent claim be the same claim for *res judicata* purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. [§] 404.958 (1980)). In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial. See Farley v. Califano, 599 F.2d 606 (4th Cir. 1979).

7.  From this it is evident that upon a challenge to its jurisdiction on the basis that administrative *res judicata* has been applied in bar of a claim, or that discretionary reopening of a previously denied claim has been denied, or both, the district court has jurisdiction to determine, as appropriate, whether *res judicata* has properly been applied, or whether, though *res judicata* might properly have been applied, the claim has nevertheless been reopened. See Farley v. Califano, 599 F.2d at 608 & n.4. In this the court simply exercises its inherent jurisdiction to determine its own jurisdiction. Texas & Pacific Railway v. Gulf, Colorado & Santa Fe Railway, 270 U.S. 266, 274 (1927). If the court determines that jurisdiction exists either because administrative *res judicata* was not properly applied, or because the denied claim has been either formally or by legal implication reopened, it may then of course judicially review the Secretary's final decision denying the claim.

8.  In order to make this jurisdictional determination, the district court must have before it a record sufficient to determine the scope of the successive claims for *res judicata* purposes, see Farley v. Califano, 599 F.2d at 608 & n.4; Restatement (Second) of Judgments § 61 (1980), or to determine whether the claim, though subject to administrative *res judicata*, has in fact been administratively reopened to any extent. This may well require that the entire administrative record be made a part



of the district court record, but not necessarily. If the identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis.

9. The district court is obviously free to make its independent determination, subject to appellate review, of the jurisdictional questions, including the scope of successive claims for *res judicata* purposes and whether a denied claim has been administratively reopened, without regard to any determinations or assertions by the Secretary respecting those matters.

McGowen, 666 F.2d at 65-66.

Applying these principles to the case at hand, the court finds that the filings before the court demonstrate that the Commissioner properly applied *res judicata* to Tucker's DIB claim, and therefore, the court is without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review of either the decision by the Commissioner to apply administrative *res judicata* as a bar to Tucker's claim for DIB or the decision not to reopen the DIB claim.

Similarly, to the extent Tucker is challenging the ALJ's statement that there is no retroactive payment of SSI benefits by arguing that he is entitled to over fifty years of back benefits, the court is without jurisdiction to consider such a claim. See Payne v. Colvin, No. 1:12CV1127, 2015 WL 570903, at *5 (M.D.N.C. Feb. 11, 2015) (finding that the court did not have subject matter jurisdiction to consider any arguments challenging the ALJ's decision not to award retroactive SSI payments). The regulations clearly provide that the Commissioner cannot award retroactive SSI payments, and Tucker has made no argument challenging this regulation. See 20 C.F.R. § 416.335.

## RECOMMENDATION

Based upon the foregoing, the court recommends that the Commissioner's motion to dismiss (ECF No. 38) be granted and that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.[2]

                                                                                               _____
                                                                                               Paige J. Gossett
                                                                                               UNITED STATES MAGISTRATE JUDGE

August 11, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] To the extent that Tucker's filings may be construed as seeking to amend his Complaint to add new parties or claims, his request is denied as he appears to seek to add claims that are unrelated to the instant matter and do not arise out of the same transaction or occurrence as Tucker's appeal of the Commissioner's dismissal of his claim for social security benefits. Further, to the extent that Tucker's filings seek a hearing, the court finds that the facts and legal contentions are adequately presented in the materials before the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).