IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alphonso Tucker,                              )<br>                                                      )   C/A No. 0:15-2798-MBS<br>                     Plaintiff,           )<br>                                                      )<br>     vs.                                              )<br>                                                      )   **ORDER AND OPINION**<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security,                         )<br>                                                      )<br>                     Defendant.         )<br>_____) | |

      Plaintiff Alphonso Tucker, proceeding pro se and in forma pauperis, filed a complaint on July 16, 2015, seeking judicial review of a final decision of Defendant Acting Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and retroactive supplemental security income benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

      It appears that Plaintiff filed an application for disability insurance benefits that had been denied initially, upon reconsideration, and after a hearing by an administrative law judge (ALJ) in a decision dated August 22, 2012. The ALJ's ruling became the final decision of the Commissioner on December 17, 2013, when the Appeals Counsel denied Plaintiff's request for review.

      Plaintiff filed a second application for disability insurance benefits and for supplemental security income on January 6, 2014. On July 7, 2015, an ALJ determined that Plaintiff's request for disability insurance benefits had been previously adjudicated in the August 22, 2012, decision, and thus was barred under the doctrine of res judicata. The ALJ therefore dismissed Plaintiff's January 6, 2014, application for disability insurance benefits. It appears that Plaintiff's application for supplemental security income was approved effective January 6, 2014; however, Plaintiff also

requested fifty-three years of back benefits. The ALJ found that there is no retroactivity of payment, and administratively dismissed Plaintiff's claim for retroactive supplemental security income benefits. On July 28, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal.

In her motion to dismiss, the Commissioner asserts that the ALJ's dismissal of Plaintiff's second request for disability insurance benefits does not constitute a "final decision . . . made after a hearing" as required for jurisdiction under 42 U.S.C. § 405(g). Therefore, the Commissioner contends Plaintiff's complaint should be dismissed for lack of jurisdiction. By order filed August 3, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on June 6, 2016.[1]

On August 12, 2016, the Magistrate Judge issued a Report and Recommendation in which she discussed in detail the law applicable to subject matter jurisdiction and res judicata in Social Security benefits cases, as specifically enunciated in McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981). The Magistrate Judge observed that, under McGowen, the court has jurisdiction only to determine whether the Commissioner properly applied res judicata to Plaintiff's claims. The Magistrate Judge thereafter found that the Commissioner correctly applied res judicata as a bar to Plaintiff's disability insurance benefit claim.

The Magistrate Judge also observed that, to the extent Plaintiff challenged the ALJ's statement there is no retroactive payment of supplemental security income, 20 C.F.R. § 416.335 provides that the Commissioner cannot award retroactive supplemental social security income

---

[1] The Commissioner did not address the ALJ's ruling on retroactivity.

payments.  Finally, citing Payne v. Colvin, No. 1:12-CV1127, 2015 WL 570903, at *5 (M.D.N.C. Feb. 11, 2015), the Magistrate Judge found that the court lacks subject matter jurisdiction to consider any arguments challenging the ALJ's decision not to award retroactive supplemental social security income benefits.  Accordingly, the Magistrate Judge recommended that the Commissioner's motion to dismiss be granted and Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.  Plaintiff filed responses to the Report and Recommendation on August 24, 2016; September 26, 2016; September 28, 2016; and November 4, 2016.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  Id.  However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In this case, Plaintiff's responses do not direct the court to a specific error in the Report and Recommendation.  Rather, Plaintiff contends that a number of governmental officials and employees have lied and should be in prison.  Nevertheless, the court has thoroughly reviewed the record and applicable law.  The court adopts the Report and Recommendation and incorporates it herein by reference.  For the reasons stated therein and in this order, the Commissioner's motion to dismiss

3

(ECF No. 38) is **granted**. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 15, 2016

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**