IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alphonso Tucker, | ) |
|                 Plaintiff, | ) C/A No. 0:15-2798-MBS |
| vs. | ) **O R D E R** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
|                 Defendant. | ) |

Plaintiff Alphonso Tucker, proceeding pro se and in forma pauperis, filed a complaint on July 16, 2015, seeking judicial review of a final decision of Defendant Acting Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and retroactive supplemental security income benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

It appears that a prior application for disability insurance benefits had been denied initially and upon reconsideration by an administrative law judge (ALJ) in a decision dated August 22, 2012. On January 6, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits, which was denied on April 23, 2014.[1] On July 7, 2015, after a hearing, an ALJ dismissed Plaintiff's application for disability insurance benefits under the doctrine of res judicata. The Appeals Council denied Plaintiff's request for review on July 28, 2015, subsequent to Plaintiff's filing of the within complaint.[2] The Appeals Council determined that there was no abuse of

---

[1] Plaintiff also filed an application for supplemental security income, which application was granted on May 5, 2014.

[2] Plaintiff informed the court in response to special interrogatories that he had not yet receive a decision from the Appeals Council, but that he "need[ed] his money now." ECF No. 11, 2.

discretion and no other basis to grant review.

On March 18, 2016, the Commissioner filed a motion to dismiss the complaint. The Commissioner argued that there had been no "final decision after a hearing" as contemplated by the Social Security Act because Plaintiff's application had been dismissed. On August 12, 2016, the Magistrate Judge filed a Report and Recommendation in which she determined that the Commissioner properly applied res judicata to Plaintiff's disability insurance benefits claim, and therefore the court was without jurisdiction to review the decision. By order filed November 15, 2016, the court adopted the Report and Recommendation and dismissed the case for lack of subject matter jurisdiction.

Plaintiff filed a notice of appeal on December 2, 2016. The Commissioner moved to remand under sentence four of 42 U.S.C. § 405(g), asserting that additional administrative proceedings were warranted to address the application of res judicata to Plaintiff's disability insurance benefits claim. On June 27, 2017, the Court of Appeals for the Fourth Circuit remanded the case with instructions to enter a final judgment reversing the decision of the Administrative Law Judge (ALJ) and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings on the issue of res judicata. On August 9, 2017, the court vacated its November 15, 2016, judgment, reversed the decision of the ALJ, and remanded the case to the Commissioner for further administrative proceedings.

This matter now is before the court on Plaintiff's motion to compel and for a judgment of default, which motion was filed on December 17, 2018. Plaintiff contends that he is due 59 years of back Social Security benefits. On January 2, 2019, the Commissioner filed a status report indicating that, on remand, the Appeals Council adopted the prior ALJ's finding that Plaintiff was

discretion and no other basis to grant review.

On March 18, 2016, the Commissioner filed a motion to dismiss the complaint. The Commissioner argued that there had been no "final decision after a hearing" as contemplated by the Social Security Act because Plaintiff's application had been dismissed. On August 12, 2016, the Magistrate Judge filed a Report and Recommendation in which she determined that the Commissioner properly applied res judicata to Plaintiff's disability insurance benefits claim, and therefore the court was without jurisdiction to review the decision. By order filed November 15, 2016, the court adopted the Report and Recommendation and dismissed the case for lack of subject matter jurisdiction.

Plaintiff filed a notice of appeal on December 2, 2016. The Commissioner moved to remand under sentence four of 42 U.S.C. § 405(g), asserting that additional administrative proceedings were warranted to address the application of res judicata to Plaintiff's disability insurance benefits claim. On June 27, 2017, the Court of Appeals for the Fourth Circuit remanded the case with instructions to enter a final judgment reversing the decision of the Administrative Law Judge (ALJ) and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings on the issue of res judicata. On August 9, 2017, the court vacated its November 15, 2016, judgment, reversed the decision of the ALJ, and remanded the case to the Commissioner for further administrative proceedings.

This matter now is before the court on Plaintiff's motion to compel and for a judgment of default, which motion was filed on December 17, 2018. Plaintiff contends that he is due 59 years of back Social Security benefits. On January 2, 2019, the Commissioner filed a status report indicating that, on remand, the Appeals Council adopted the prior ALJ's finding that Plaintiff was

not disabled within the meaning of the Social Security Act at any time through his date last insured of March 21, 2002. The Commissioner asserts that the Appeals Council's decision was completed in accordance with the remand and is binding unless Plaintiff or another party files an action in federal court. See 20 C.F.R. § 404.981.

The Commissioner having completed her review on remand, Plaintiff's motion to compel and for default judgment is moot. Further, as the court stated in its January 30, 2018 order, the court loses jurisdiction after a social security case has been remanded. For these reasons, Plaintiff's motion to compel and for default judgment (ECF No. 86) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 17, 2019